UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| MARIETTA REED, | Case No. 4:04 CV 2250 |
| Plaintiff, | Judge Peter C. Economus |
|  | Mag. Judge James S. Gallas |
| vs. | REPORT AND RECOMMENDATION |
| GENERAL MOTORS ET AL., |  |
| Defendant(s). |  |

Before the Court is a motion filed by plaintiff Marietta Reed's former counsel, Tracey A. Laslo,[1] titled "Motion to Reopen Case and Enforce Settlement." This matter has been referred to the undersigned for report and recommendation.

**FACTUAL BACKGROUND**

Reed has asserted, inter alia, claims arising under Title VII of the Civil Rights Act of 1964 and Americans With Disabilities Act against defendants General Motors Corporation and the General Motors Corporation North American Operations Lordstown Assembly Plant (hereinafter "GM"). On August 24, 2005, Magistrate Judge James S. Gallas conducted a telephone settlement conference that was stenographically recorded. On the record, Reed agreed to dismiss her claims against GM upon GM's payment to her of $10,000. Each side agreed that the Court could enter an order dismissing the case.

On August 25, 2005, Judge Economus entered an Order stating that the case had been settled and was dismissed with prejudice. The dismissal order stated: "Any subsequent order

---

[1] Reed has been represented by two attorneys during the course of this case, Laslo and John A. Ams. Laslo and Ams voluntarily withdrew as counsel for Reed on 6/14/06. (ECF # 56) Ams has not joined in Laslo's motion nor filed a separate motion for fees. No other attorneys have made an appearance on behalf of Reed.

setting forth different terms and conditions relative to settlement and dismissal of the within action shall supersede the within order." (ECF #54)

Sometime after the Court entered the dismissal order, Reed decided she did not want to settle the case.[2] The retainer agreement between Reed and Laslo provided that if Reed refused to accept a reasonable settlement offer, Reed would allow Laslo to withdraw her representation of Reed. In an affidavit filed with the Court, Reed agreed to permit Laslo and Arns to withdraw as counsel of record. Laslo filed a motion to withdraw as Reed's counsel, which the Court granted on June 14, 2006. (ECF #56) Thus, Laslo did not represent Reed in this case beginning on June 14, 2006.

Nothing transpired on the docket for more than one year after Laslo withdrew as counsel of record. On September 13, 2007, Laslo filed the motion that is the subject of this report. The motion was titled "Motion to Reopen Case and Enforce Settlement." (ECF #57) In the motion, Laslo asks the Court to order GM to pay the settlement amount of $10,000 to the Clerk of Courts or, in the alternative, to issue two separate checks to the Clerk in the amount of $4,000 to Laslo and $6,000 to Reed. Laslo's motion is unopposed.

Because Laslo no longer represents Reed, Laslo may not file a motion on Reed's behalf to enforce the settlement agreement. However, Laslo's motion is effectually a petition for attorneys fees, and the Court will treat it as such. For the reasons stated below, the undersigned recommends that the Court deny Laslo's motion with prejudice because it was filed more than fourteen days past the date required by the Federal Rules for filing such a motion. And even if the motion were timely, Laslo has failed to support the motion with evidence establishing the basis and reasonableness of the fee. Laslo's motion should be denied.

---

[2] Laslo's motion offers no explanation of why Reed changed her mind regarding settlement. Neither GM nor Reed have sought to enforce the settlement.

2

## JURISDICTION AND APPLICABLE LAW

The Court has federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Reed asserts claims arising under, inter alia, Title VII of the Civil Rights Act of 1964 and Americans With Disabilities Act. The Court has supplemental jurisdiction over Laslo's claims for attorneys fees pursuant to 28 U.S.C. § 1367(a); this is true even though Laslo is no longer an attorney of record in the case. 28 U.S.C. § 1367(a); *Stubblefield v. Skelton*, 117 F.3d 1421 (Table) (6th Cir. 1997) (district court may exercise supplemental jurisdiction over dispute involving fees of attorney who never made an appearance in the case); *Kalyawongsa v. Moffett*, 105 F.2d 283 (6th Cir. 1997) (district court has supplemental jurisdiction to decide fee disputes that are related to the main action).

The Court has continuing jurisdiction over Laslo's request for fees even though a dismissal entry appeared on the docket. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 381 (1994) (court may retain continuing jurisdiction over post-settlement disputes by reserving jurisdiction in its dismissal order); *Remax Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir. 2001). In *Remax*, the United States Court of Appeals for the Sixth Circuit held that a district judge's dismissal order stating "Any subsequent order setting forth different terms and conditions relative to settlement and dismissal of the within action shall supersede the within order" was sufficient to reserve continuing jurisdiction pursuant to *Kokkonen*. Here, the Court's dismissal order stated: "Any subsequent order setting forth different terms and conditions relative to settlement and dismissal of the within action shall supersede the within order." (ECF #54) This language is identical to the dismissal order language in *Remax*; therefore, the Court reserved jurisdiction to decide the attorneys fee issue notwithstanding the dismissal of the case.

When a district court exercises supplemental jurisdiction over an attorneys fees dispute, state law applies. *Stubblefield v. Skelton*, 117 F.3d 1421, *2; *Kalyawongsa v. Moffett*, 105 F.2d 283, 288. Reed and Laslo's contingent fee arrangement occurred in Ohio. Laslo's

3

representation of Reed occurred in Ohio. Therefore, Ohio law applies to Laslo's claim for attorneys fees.

## PROCEDURAL BAR TO LASLO'S CLAIM FOR FEES

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure provides that a motion for attorneys fees must be filed no later than fourteen days after entry of judgment unless otherwise provided by statute or court order. Fed.R.Civ.P. 54(d)(2)(B); *Horne v. City of Hamilton*, 181 F.3d 101 (Table) (6th Cir. 1999).

Final judgment in this case was entered on August 29, 2005.[3] The Court did not issue an order extending the time for filing attorneys fees motions. The Court likewise did not have a local rule providing for more than fourteen days to file an attorneys fees motion. Therefore, an attorneys fees motion must have been made on or before September 12, 2005.

Laslo did not file a motion concerning fees until September 13, 2007, which was more than two years after the fourteen-day deadline. Laslo's motion should be denied because it is untimely.

## LASLO'S CLAIM FOR FEES UNDER OHIO LAW

Even if the Court were to consider Laslo's motion, the motion should be denied because Laslo has failed to demonstrate the basis and reasonableness of the claimed fee. Under Ohio law, an attorney who withdraws from a case prior to the case's final adjudication is entitled to fees pursuant to the quantum meruit doctrine, which entitles the attorney to "'as much as [is] deserved.'" *Columbus Bar Ass'n v. Farmer*, 855 N.E.2d 462, 469 (Ohio 2006 (citations omitted) (quantum meruit for discharged or withdrawn attorney); *see also Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431, 436 (quantum meruit for discharged attorney).

---

[3] The Court's entry of dismissal was a final judgment, notwithstanding the Court's retention of jurisdiction to decide post-settlement disputes. *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000).

4

The attorney bears the burden of establishing and justifying the reasonable value of the fees the attorney requests. *Farmer*, 855 N.E.3d at 469-70; *Reid*, 629 N.E.2d at 436-37. Among the factors to be considered in deciding the amount to award the attorney are the number of hours the attorney worked, the skill required by the representation, and the rate customarily discharged in the locality for such services. *Farmer*, 855 N.E.3d at 470 (citing DR 2-106(B)(1)); *Reid*, 629 N.E.2d at 436-37. The amount awarded the attorney is within the Court's discretion. *Reid*, 629 N.E.2d at 437.

Laslo has suggested that $4,000 is an appropriate amount to award for the work Laslo performed in connection with Reed's case; however, Laslo has not submitted any support establishing the basis for her fee or justifying its reasonableness. For these reasons, even if the Court were to consider Laslo's motion, the undersigned recommends that the Court deny Laslo's motion.

## CONCLUSION

The undersigned recommends that the Court deny Laslo's motion.

                                                      *s/James S. Gallas*
                                             United States Magistrate Judge